ON REHEARING

UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4393

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DANIEL CLAYTON RIDDLE,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson.  G. Ross Anderson, Jr., District Judge.  (CR-03-675)

Submitted:  January 31, 2006          Decided:  June 29, 2006

Before WILLIAMS and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

David W. Plowden, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant.  Elizabeth Jean Howard, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Daniel C. Riddle pled guilty to armed bank robbery, in violation of 18 U.S.C. §§ 2113(a), (d) (2000). He was sentenced as a career offender to 188 months in prison. Riddle now appeals. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising one issue but stating that there are no meritorious issues for appeal. Riddle has filed a pro se brief and a supplemental brief raising additional issues. The United States has filed a motion for remand for resentencing, contending that Riddle's sentence violates the Sixth Amendment under United States v. Booker, 543 U.S. 220 (2005). We deny the motion for remand, dismiss the appeal in part, and affirm in part.

I

The indictment charged Riddle with both armed bank robbery (Count One) and using and carrying a firearm during the commission of a crime of violence (Count Two). In return for the guilty plea, Count Two was dismissed. Riddle now claims that his plea was not voluntarily entered because the district judge "browbeat" him into pleading guilty to armed bank robbery. Riddle states that he was not armed. As evidence, he states that no gun was found when he was apprehended shortly after the robbery, only one witness who was in an office away from the lobby where the robbery occurred claimed to have seen him with a gun, four

- 2 -

witnesses who were in the bank lobby did not see him with a gun, and no surveillance camera showed that he had a gun at the time of the robbery.

A guilty plea must be "a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31 (1970), and may be invalid if it was induced by threats or misrepresentations. See Brady v. United States, 397 U.S. 742, 755 (1970). A defendant's statements at the Fed. R. Crim. P. 11 hearing are presumed to be true. Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Unsupported allegations on appeal are insufficient to overcome representations made under oath at an arraignment. United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991); Via v. Superintendent, Powhatan Correctional Ctr., 643 F.2d 167, 171 (4th Cir. 1981).

Under these authorities, Riddle's plea was voluntary. His claim that he was unarmed at the time of the robbery completely contradicts his sworn representations at his arraignment.

II

In the Anders brief, counsel contends that the district court erred when it denied Riddle's motion for a downward departure based on the ground that Riddle's status as a career offender

significantly overstated his criminal history. After hearing argument, the court denied the motion. Because the district court did not mistakenly believe that it lacked power to depart, we are without jurisdiction to review the court's denial of the motion for downward departure. See United States v. Bayerle, 898 F.2d 28, 30 (4th Cir. 1990).

III

Riddle maintains that he was improperly sentenced as a career offender. One of the qualifying felonies for career offender status was a 1999 conviction for failure to stop for a blue light. Riddle argues that this offense is not so serious as to be categorized as a crime of violence under U.S. Sentencing Guidelines Manual § 4B1.2(a) (2003). We have held, however, that failure to stop for a blue light is a "violent felony" under the armed career criminal statute, 18 U.S.C.A. § 924(e) (West 2000 & Supp. 2005), because it "involves conduct that presents a serious potential risk of physical injury to another." United States v. James, 337 F.3d 387, 391 (4th Cir. 2003). For the same reason, the offense is a qualifying felony for career offender purposes.

IV

Riddle also argues that his sentence as a career offender violates the Sixth Amendment under Booker. We disagree. At the

time of the instant offense, Riddle stood convicted of two crimes of violence: failure to stop for a blue light, a felony that qualifies under James; and assault and battery of a high and aggravated degree. The fact of these predicate convictions is beyond dispute and clear from the judicial record. As such, there was no Booker error in sentencing Riddle as a career offender. See Shepard v. United States, 544 U.S. 13, ___, 125 S. Ct. 1254, 1263 (2005); United States v. Collins, 412 F.3d 515, 521-23 (4th Cir. 2005).

To the extent Riddle argues that the district court committed error under Booker by sentencing him under a mandatory application of the guidelines, Riddle has failed to demonstrate that the plain error in sentencing him under a mandatory guideline scheme affected his substantial rights. See United States v. White, 405 F.3d 208, 233 (4th Cir. 2005), cert. denied, 126 S. Ct. 668 (2005).

V

In accordance with Anders, we have thoroughly reviewed the record in this case and found no meritorious issues for appeal. We accordingly deny the motion for remand, dismiss in part, and affirm in part. The motions to strike the Anders brief and for substitute attorney are denied. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If his client

- 5 -

requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move to withdraw from representation. Counsel's motion must state that a copy thereof was served on his client. We dispense with oral argument because the facts and legal contentions are adequately set forth in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART
